IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SPROUL HILL ASSOCIATES, L.P.** : | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| **NEWELL RUBBERMAID INC., et al.** | : | NO. 13-4998 |
| *Defendants*. | : | |

**MEMORANDUM**

PRATTER, J.                                                                                                    DECEMBER 16, 2013

Plaintiff Sproul Hill Associates', L.P. ("Sproul Hill"), claims arise from Defendant Graco Children's Products Inc.'s ("Graco") former ownership of parcels of land in Chester County (collectively "the Property"), and Graco's businesses conducted on the Property from 1958 through 2005. In 1987 it was discovered that Graco's business operations at the Property caused the release of hazardous substances into the ground, the aquifer, and the ground water beneath the Property. Subsequently Graco advised the Chester County Health Department of the releases, and the Health Department notified the Pennsylvania Department of Environmental Protection ("PADEP").

In 2004, Graco entered into an agreement with a third party, Summit Steel & Manufacturing, Inc., ("Summit"), to sell the Property, and Summit subsequently assigned its rights and obligations under the sale agreement to Zenith Properties. In May 2005, Graco filed a Notice of Intent to Remediate with PADEP for the Property pursuant to the Pennsylvania Land Recycling and Environmental Remediation Standards Act, 25 P.S. §§6026.101, *et seq*. ("Act 2").

1

After Graco filed the Notice of Intent to Remediate, Graco and Newell Rubbermaid Inc.,[1] entered into an Environmental Indemnity Agreement ("the Environmental Indemnity Agreement" with Summit and Zenith Properties. The Environmental Indemnity Agreement was entered into in recognition pf the fact that the parties acknowledged that hazardous substances had been released, and that the remediation of these substances would not be completed prior sale of the Property.  Accordingly, in the Environmental Indemnity Agreement, the parties set forth their rights and obligations with respect to the completion of the remediation to obtain from PADEP a written release of clean up liability under Act 2.

   Sproul Hill purchased the Property from Zenith, and on January 2006, Zenith assigned all of its rights and obligations under the Environmental Indemnity Agreement to Sproul Hill. Sproul Hill believes that Defendants have not complied with their obligations under the Environmental Indemnity Agreement to complete the remediation of the Property in accordance with Act 2 by refusing to remediate the Property to a residential standard. Additionally, Sproul Hill asserts that Defendants have not complied with the Environmental Indemnity Agreement by failing to pay for all the costs and expenses necessary to obtain the PADEP written release of clean up liability.

   Accordingly, Sproul Hill brought four counts: Counts I and II seek declaratory relief related to Sproul Hill's Rights pursuant to the Environmental Indemnity Agreement, Count III alleges that Defendants are strictly liable for damages to Sproul Hill under the Pennsylvania Hazardous Waste Substances Control Act, 35 P.S. § 6020.101, *et seq.*, and Count IV claims that Defendants are liable under Pennsylvania's Clean Streams law, 35 P.S. §691.1, *et seq.*

---

[1] Graco is a wholly owned subsidiary of Newell Rubbermaid Inc.

Defendants removed Sproul Hill's Complaint to this Court and have moved to dismiss it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (alteration in original), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," id. Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level ...." *Id.* at 1965 (citations omitted). To survive a motion to dismiss, a civil complaint must allege "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To be sure, however, a complaint need not be "a model of the careful drafter's art," nor must it "pin plaintiffs' claim for relief to a precise legal theory," as long as it features "a plausible 'short and plain' statement of the plaintiff's claim." *Skinner v. Switzer*, 179 L.Ed.2d 233, 242 (2011); *see also Matrixx Initiatives, Inc. v. Siracusano*, 179 L.Ed.2d 398, 414 at n. 12 (2011) (emphasizing that in order "to survive a motion to dismiss, respondents need only allege 'enough facts to state a claim to relief that is plausible on its face' ") (quoting *Twombly*, 550 U.S. at 570)).

Defendants assert that Counts I and II requesting declaratory relief should be dismissed because they contend that there is no legitimate dispute between the parties. Additionally, Defendants contend that Counts III and IV, Plaintiff's statutory claims, should be dismissed

pursuant to the gist of the action doctrine. For the following reasons, Defendants' Motion to Dismiss will be denied in its entirety.

The federal Declaratory Judgment Act provides that:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.[2] "A declaratory judgment is appropriate when it will serve a useful purpose in clarifying and settling the legal relations in issue, and ... when it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding." *Lott Constructors, Inc. v. Jackson Twp. Bd. of Educ.*, No. 92-2402, 1992 WL 201313, *3 (D.N.J. Aug. 12, 1992) (internal quotation marks omitted) (quoting *Hanes Dye and Finishing Co. v. Caisson Corp.,* 309 F. Supp. 237, 240 (M.D.N.C.1970)). Additionally, the Declaratory Judgment Act "permits actual controversies to be settled before they ripen into violations of law or a breach of contractual duty and it helps avoid a multiplicity of actions by affording an adequate, expedient, and inexpensive means for declaring in one action the rights and obligations of litigants." 10B Charles A Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2751 (3d ed.2006)

---

[2] Plaintiff's originally filed their complaint in Pennsylvania and did not specify the statutory predicate for the declaratory relief sought and the Defendant's argued that that Plaintiff's claims requesting declaratory relief must be dismissed pursuant to the Pennsylvania Declaratory Judgments Act, 42 Pa.C.S. §§7531, *et seq.* However, "it is settled law that, as a procedural remedy, the federal rules respecting declaratory judgment actions, apply in diversity cases." Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 352 (3d Cir. 1986); *see also Eidelman v. State Farm Fire & Cas. Co.,* No. 10-2578, 2011 WL 198501, *1 n.2 (E.D. Pa. Jan. 19, 2011) ("an action for declaratory judgment is procedural in nature [], [thus] a federal court exercising diversity jurisdiction over such an action must follow federal procedural rules.")

Sproul Hill has stated a claim on which relief can be granted with its request for a declaratory judgment. Plaintiff has identified an alleged contractual agreement and a dispute over said agreement. (Compl. ¶¶ 36-38.) Specifically, Sproul Hill contends that it interprets the Environmental Indemnity Agreement as requiring Defendants to remediate certain parcels on the Property to a residential standard, while Defendants refuse to remediate those parcels to a residential standard, and instead assert that they are only required to remediate the parcels to a non-residential standard. Additionally, in its Complaint, Sproul Hill states that Defendants are refusing to finalize and submit to PADEP an Act 2 Final Report of the Property as required under the Environmental Indemnity Agreement because of the dispute regarding the remediation requirements explained above. (Compl. ¶¶ 37-38.) These factual assertions are enough to establish that there is a controversy that can be resolved pursuant to the Declaratory Judgment Act. Accordingly, Defendants' request that the Court dismiss Counts I and II in the Complaint will be denied.

Defendants also assert that Plaintiff's statutory claims contained in Counts III and IV must be dismissed because they are barred by the gist of the action doctrine. The gist of the action doctrine "serves to preserve the conceptual distinction between breach of contract claims and tort claims" by "preclud[ing] one from pursuing a tort action for the breach of contractual duties." *Bishop v. GNC Franchising LLC*, 248 F. App'x 298, 299 (3d Cir.2007) (citing *eToll, Inc. v. Elias/Savion Adver., Inc.*, 811 A.2d 10, 14 (Pa. Super. Ct. 2002)). However, as Plaintiff notes, Counts II and III are statutory claims not common law tort claims and Defendants fail to cite to any cases dismissing statutory claims under the gist of the action doctrine. Accordingly, the Court declines to dismiss Sproul Hill's statutory claims contained in Counts III and IV of its Complaint. *See Clark v. EMC Mortg. Corp., Civ. A*. No. 08–1409, 2009 WL 229761, at *6 (E.D.

Pa. Jan. 29, 2009) (concluding that plaintiff's statutory claims under Pennsylvania law were not barred by the gist of the action doctrine); *The Knit With v. Knitting Fever Inc.*, Nos. 08–4221, 08–4775, 2009 WL 3427054, at *5 (E.D. Pa. Oct. 20, 2009) (declining to dismiss Plaintiff's federal statutory claim pursuant to the gist of the action doctrine.) Therefore, Defendants' Motion to Dismiss is denied.

S/Gene E.K. Pratter  
GENE E.K. PRATTER  
UNITED STATES DISTRICT JUDGE